THE MUHLSTOCK LAW FIRM, P.C.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 974-9400
Fax: (516) 345-1635
Email: Info@WeSueThem.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Wilma Manzano, individually and on behalf of all others similarly situated, | Docket No.: 2:21-cv-9787 |
| Plaintiff, | |
| | **COMPLAINT (CLASS ACTION)** |
| vs. | |
| Midland Credit Management, Inc., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff, Wilma Manzano ("Plaintiff"), by and through the undersigned counsel, brings this cause of action against Defendant, Midland Credit Management ("Defendant" or "Midland"), and alleges based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

### PRELIMINARY STATEMENT

1.     In 1977, Congress enacted the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 USC §§ 1692 *et seq.*, in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual

privacy." *Id*. Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) and (c).

2.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id*., § 1692(e).   After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who failed to comply with the Act. *Id*., § 1692k.

3.     In determining whether a collection letter violates the FDCPA, courts in the Third Circuit apply the "least sophisticated consumer standard." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 418 (3d Cir. 2015). The standard is an objective one, meaning the specific consumer need not prove that she was actually confused or misled. *See Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 103 (1st Cir. 2014) ("[T]he FDCPA does not require that a plaintiff actually be confused.")

4.     The FDCPA does not ordinarily require proof of an intentional violation, and is considered a strict liability statute, whereby a single violation is sufficient to establish civil liability against a debt collector.

<u>**JURISDICTION AND VENUE**</u>

5.     The Court has jurisdiction over this action under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

6.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because the Plaintiff resides in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

<u>**PARTIES**</u>

7.  Plaintiff is a natural person and a resident of Passaic, New Jersey.

8.  Plaintiff is a "Consumer" as defined by 15 U.S.C. § 1692(a)(3).

9.  Upon information and belief, Defendant's principal place of business is located at 350 Camino de la Reina, Ste. 100, San Diego, CA 92108-3007.

10.  Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile, and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

11.  Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

12.  Sometime prior to 2020, Plaintiff allegedly incurred a financial obligation to Synchrony Bank with original account number XXXXXXXXXXXX2735 (the "Debt").

13.  The Debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

14.  The Debt was allegedly assigned or otherwise transferred to Defendant for the purpose of collection.

15.  In an attempt to collect the Debt, Defendant mailed, or caused to be mailed, a collection letter, dated August 19, 2020 ("August Collection Letter"). (Annexed and attached hereto as **Exhibit A** is a copy of the letter dated August 19, 2020 that Defendant mailed to the Plaintiff, except the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, redacted the financial account numbers and Plaintiff's street address to protect her privacy).

16.  Plaintiff received and read the August Collection Letter.

17.  The August Collection Letter represents that the Original Creditor is "Synchrony Bank" and the Current Owner is "Midland Credit Management, Inc."

18.     The August Collection Letter states in orange/yellow bold letters at the top of the letter: "PRE-LEGAL NOTIFICATION", as indicated below:

**PRE-LEGAL NOTIFICATION**

19.     The foregoing is a false threat to take legal action, when in fact, Defendant had no present intent to do so.

20.     Plaintiff read Defendant's statements in the August Collection Letter and was led to believe that if she did not pay the debt or make repayment arrangements by the deadline given in the August Collection Letter, she would be sued.

21.     Defendant mailed or caused to be mailed another collection letter to Plaintiff, dated October 28, 2020 (the "October Collection Letter"). (Annexed and attached hereto as **Exhibit B** is a copy of the letter dated October 28, 2020 that Defendant mailed to the Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect her privacy).

22.     Plaintiff received and read the October Collection Letter.

23.     The October Collection Letter states at the top of the letter in a red bolded banner: "PRE-LEGAL NOTIFICATION", as indicated below:

**PRE-LEGAL NOTIFICATION**

24.     Then, just below the Plaintiff's name and address, the October Collection Letter states in another red bolded banner: "FINAL NOTICE", as indicated below:



25.     The October Collection Letter further states, "…Midland Credit Management, Inc.

will transition your account into the attorney review process after 11/27/2020."

26. The October Collection Letter goes on to state, "If your account is forwarded to an attorney, this may result in a lawsuit against you. If this process results in litigation, and a judgment is entered against you, the judgment will be enforceable according to state law."

27. Additionally, the October Collection Letter states, "This is the final written communication you will receive prior to entering the legal review process. Your prompt attention is necessary to avoid the possibility of legal action." The foregoing is a false threat to take legal action, when in fact, Defendant had no present intent to do so.

28. In fact, Defendant did not file suit after the August Collection Letter and as of the date of the filing of this cause of action, did not file suit after the October Collection Letter.

29. Defendant is a debt collector, not a law firm. Only a law firm can review and analyze the merits of a claim.

30. The October Collection Letter is intentionally constructed in a way to give a consumer the impression that the letter is some sort of legal notice, and to threaten a consumer with adverse consequences, in order to induce the consumer to make a payment.

31. Defendant's threats of legal action, along with its call to action for immediate payment, are intended to mislead and confuse a consumer into believing that if they do not pay immediately a lawsuit will be filed and a judgment will be obtained against the consumer.

32. Defendant's conduct harmed Plaintiff and Plaintiff became emotionally distressed over the belief she was going to be sued.

33. Plaintiff had to hire counsel to investigate Defendant's conduct described herein.


## CLASS ACTION ALLEGATIONS

34.    Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

a.    This Action is properly maintained as a class action. The Class and Subclass consists of:

**THE CLASS**

All New Jersey consumers who received a letter from Defendant in a form substantially similar to Exhibit A and/or Exhibit B, hereto, where Defendant failed to file suit against such consumer within sixty (60) days.

b.    The Class period begins one year prior to the filing of this Action through 21 days post the filing of this Action.

c.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

d.    Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds and/or thousands of persons;

e.    There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

f. Whether Defendant violated various provisions of the FDCPA including but not limited to:

    i. 15 U.S.C. §§1692b, 1692e, 1692c, and 1692f;

    ii. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

g. Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

h. Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

i. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

j. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

k. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained

of herein. Absent a Class Action, class members will continue to suffer losses of statutory

protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed

without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

## COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

35.    Plaintiff repeats and realleges the foregoing paragraphs 1 through 33 as if fully

restated herein.

36.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false,

deceptive, or misleading representation or means in connection with the collection of any debt.

37.    15 U.S.C. § 1692e(10) provides that a debt collector is prohibited from the use of

any false representation or deceptive means to collect or attempt to collect any debt or to obtain

information concerning a consumer.

38.    Defendant threatened legal action in its collection letters sent to Plaintiff.

39.    Defendant did not sue Plaintiff.

40.    Defendant did not have any then-present intent to take any legal action.

41.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10),

therefore is liable to Plaintiff.

## COUNT II: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f

42.    Plaintiff repeats and realleges the foregoing paragraphs 1 through 33 as if fully

restated herein.

43.    Section 1692f of the FDCPA provides,

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section…"Defendant's threats of legal action without having any present intent to file a collection lawsuit and call to action for immediate payment, underscores an unfair patterns and practices that, upon information and belief, Defendant engages in to get consumers to pay debt that they ordinarily would dispute or not pay.  Such pattern and practices by Defendant are unfair or unconscionable, in violation of 15 U.S.C. § 1692f.

44.    Defendant's conduct in structuring its communications to Plaintiff that implies imminent legal action has a coercive effect designed to pressure individuals like Plaintiff into sending money quickly.  Such acts, and Defendant's conduct in totality, as more fully stated herein, constitutes unfair and unconscionable acts by Defendant, in violation of 15 U.S.C. § 169f.

45.    Defendant's violation of §1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  *See,* 15 U.S.C. § 1692k.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Certifying this action as a class action;

(b) Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

(c) Finding Defendant's actions violated the FDCPA;

(d) Awarding Plaintiff and the Class statutory damages pursuant to 15 U.S.C. § 1692k;

(e) Awarding Plaintiff costs of this Action, including reasonable attorney's fees and expenses pursuant to 15 U.S.C. § 1692k; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.


DATED:  April 19, 2021


Respectfully Submitted,

THE MUHLSTOCK LAW FIRM, P.C.

By:    _s/Todd D. Muhlstock_
Todd D. Muhlstock, Esq. (TM**70)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 974-9400
Facsimile: (516) 345-1635
Todd@WeSueThem.com

_Attorneys for Plaintiff_